the president pronounced the following opinion of this court.
The court, having maturely considered the transcript of the record of the decree aforesaid, the original bond from Frances Daniel to Thomas Roane, and the arguments of counsel, is of opinion, that it is fully proved, in this case, that Frances Daniel was the purchaser of the slaves Judy and her children, at the public sale thereof, made by the administrator of her deceased husband, and thereby became vested with the absolute right to the said slaves.
It is stated in the bill, and also in the deed under which the appellee claims, that she transferred her right to the said slaves to the intestate of the appellant, for the express and sole purpose of defrauding her creditors ; and that she gave a writing, evincing this transfer of property, to the said intestate ; and it is in proof that she took the oath of an insolvent debtor, without surrendering these slaves, although she admits, in her deed to the appellee, that there was a secret trust between her and the appellant’s intestate, that the said slaves were to remain her property. And this bill is brought to enforce a compliance with this secret trust.
*190 The answer denies the fraud and combination alleged in ° ^ie bill; and it is no where proved, except by the declara» ti°ns .of the said Frances : but, if it were fully proved, a Court of Equity would be bound, not only by its own principles, but by the express letter of the statute made in suppression of such transactions, to refuse its aid to a party claiming under such circumstances. The court is therefore of opinion, that the said decree of the Court of Chancery is erroneous in giving the slaves in controversy to the appellee; and that the bill, as to them, ought. to have been dismissed : and that, in taking the accounts, under this view of the case? the representatives of the said Frances Daniel would be pro» perly chargeable, out of her share of the residuum of her deceased husband’s estate, with fifty pounds one shilling, the price of the said slaves, and interest {hereon. But, should it appear to'the said Court of Chancery, (as one witness says the said Frances confessed was the fact,) that, she being unable to pay, or give security for the price of the said slaves, the intestate of the appellant agreed to take the purchase on himself, and to give her the use of them during her life, then he would be a btfnajide purchaser thereof, for a valuable consideration ; and his representatives would be chargeable, in the accounts to be taken, with the said price and interest.
Therefore, it is decreed and ordered, that the said decree, so far as it gives the slaves in controversy, with their increase, value, and hires, to the appellee, and directs the bond, or deed, to be cancelled, be reversed and annulled; that the bill, so far as it claims the said slaves, be dismissed ; and .that the appellee pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here ; and it is ordered that the cause be remanded to the said Court of Chancery, to have the proper parties brought before that court, and the necessary accounts taken, to ascertain the residuum of the estate of George Daniel, deceased, pursuant to the foregoing principles,'in order to a final decree. .